# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

## CASE NO.:

MATTRESS BY APPOINTMENT LLC, a
Florida Limited Liability company,

      Plaintiff,

vs.

DANIEL ADAMS, an individual

      Defendants.

_____/

Case: 1:22–mc–00006
Assigned To : Kelly, Timothy J.
Assign. Date : 1/13/2022
Description: Misc.

**Related Case No.: 3:20-cv-00222 -J-34PDB**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

## DEFENDANT DANIEL ADAMS' MOTION TO COMPEL THIRD PARTY WITNESS, THE UNITED STATES COPYRIGHT OFFICE, TO COMPLY WITH THE SUBPOENA FOR VIDEO DEPOSITION DUCES TECUM AND TO PROVIDE TESTIMONY

**COMES NOW**, Defendant, Daniel Adams ("Defendant"), by and through his undersigned counsel, and hereby files his Motion to Compel Third Party Witness, the United States Copyright Office, to Comply with the Subpoena for Video Deposition Duces Tecum and to Provide Testimony, and in support, states as follows:

1.  This case involves various claims filed by Plaintiff, Mattress By Appointment LLC ("Plaintiff"), alleging, among other things, that Defendant's filing for copyright registration of a business plan that he created violates various agreements involving confidentiality, and that as a result of the very act of filing the documents with the United States Copyright Office, Plaintiff has suffered millions of dollars in damages.

2.  On August 26, 2019, Defendant filed an application with the United States Copyright Office (the "Copyright Office") with regard to a business plan and training materials he created and authored (the "Training Manual"), which the Copyright Office registered pursuant to Copyright Registration Number TXu 2-156-964.

1

3.  Plaintiff has claimed that this filing violated a Confidentiality Agreement and Territory Agreement and that such Training Manual contained Plaintiff's confidential trade secrets. Defendant denies that his registration violates any agreement and/or that the training manual contains Plaintiff's confidential trade secret information.

4.  Notwithstanding, Plaintiff has alleged that it has suffered over $9,000,000 in damages simply because the training manual is now registered with the Copyright Office. Plaintiff claims that anyone can access it at any time and that now all of its trade secrets are destroyed.

5.  Accordingly, Defendant served the Copyright Office with a Subpoena for Video Deposition Duces Tecum, dated December 3, 2021. (*See* attached). The Copyright Office advised Defendant, however, that it will not comply with the terms of the subpoena and will not attend the deposition.

6.  Defendant is seeking the following testimony from the Copyright Office:

    a.  The policies and procedures of the United States Copyright Office relating to how an individual or entity may obtain and/or view materials deposited with the United States Copyright Office.

    b.  The policies and procedures of the United States Copyright Office regarding which records on deposit with the United States Copyright Office are made available to the general public for possession and/or viewing and the requirements related thereto.

    c.  The policies and procedures of the United States Copyright Office as to maintaining access logs to deposit materials.

    d.  The access log related to Copyright Registration #TXu2-156-964.

    e.  Any communications between Mattress by Appointment, LLC and/or any attorneys on their behalf and the United States Copyright Office related to Copyright Registration #TXu2-156-964.

7.  This testimony is essential to the defenses raised in this case in regard to whether Plaintiff has in fact suffered any damages as a result of the filing of the copyright registration with

the Copyright Office. The subpoena first seeks information about **who has in fact actually accessed** the submitted materials related to Copyright Registration Number TXu 2-156-964. The only source of this information is the Copyright Office through its review of records and access logs.

8. The second issue sought as part of the testimony is **who could view** the actual submitted materials in the future and what safeguards are in place restricting accessing to viewing. For example, there are limitations as to whether an individual can view Copyright Registration Number TXu 2-156-964 and what limitations apply to these specific materials.

9. The third issue sought as pat of the testimony is who could actually **access and copy** the submitted materials. There are additional limitations as to under what circumstances the Copyright Office permits access and copying of submitted materials and whether such limitations apply to Copyright Registration Number TXu 2-156-964.

10. The Copyright Office would have the sole knowledge of the specific limitations set up that limit access by third parties to Copyright Registration Number TXu 2-156-964.

11. The fourth issue sought as part of the testimony is what correspondence Mattress by Appointment, the Plaintiff, had with the Copyright Office in regard to Copyright Registration Number TXu 2-156-964.

12. This witness would be the sole source of information in regard to the above. No other entity or individual would be able to testify as to who has accessed the submitted materials and correspondence between the Copyright Office and Plaintiff as to the registration at issue.

13. In addition, while the *Compendium of U.S. Copyright Office Practices*, may include some information in regard to general practices regarding access, it certainly does not include information as to who has accessed the submitted materials at issue in this case. And, it further

does not include all of the specific safeguards set up by the Copyright Office in relation to viewing and copying certain materials including which safeguards apply to the materials at issue herein.

14. Furthermore, Defendant intends to introduce this testimony at trial. A *Compendium* cannot provide the testimony required for the jury as to the issues related to practices and procedures concerning Copyright Registration Number TXu 2-156-964.

15. Finally, a representative of the Copyright Office is out of state and will not be present at trial. As a result, a deposition is required in order to introduce such testimony to the jury.

16. For all of these reasons, a deposition of this witness is necessary and should proceed forward.

17. Along with the testimony, Defendant additionally has sought in the subpoena the following documents:

    a. All correspondence and/or communications, including but not limited to letters and/or electronic mail, between the United States Copyright Office and Mattress By Appointment, LLC and/or their counsel, agent, and/or anyone acting on their behalf relating to Daniel Adams and/or Copyright Registration #TXu2-156-964.

    b. Copies of any documents evidencing the access log relating to the viewing of any deposit materials related to Copyright Registration #TXu2-156-964.

    c. Copies of any and all Litigation Statement Forms received concerning Copyright Registration #TXu2-156-964 and/or any deposit materials relating thereto.

18. These documents all relate directly to Copyright Registration Number TXu 2-156-964, the registration at issue in this case. All of these document requests relate to documents solely in the possession of the Copyright Office. They include documents related to who has in fact accessed the submitted materials since August 2019, if any. The only source for these documents is the Copyright Office.

4

19. They further seek communications between Plaintiff and the Copyright Office, including any communications that Plaintiff has failed to produce to Defendant to date, related to Copyright Registration Number TXu 2-156-964. This witness would have these documents within its records and available to produce to Defendant.

20. As a result, this witness should be compelled to attend its deposition in accordance with the attached subpoena, testify as to the issues set forth above, and produce the documents listed therein in its possession, custody, and control.

21. The Copyright Office, however, has stated that it refuses to attend the deposition and comply with the subpoena. It has made the following claims:[1]

    a. The subpoena is unclear as to where the deposition is to take place.

    b. It is unnecessary for the Copyright Office to authenticate documents.

    c. The information is readily available from the Compendium and other sources.

    d. It would be not be feasible to produce such records.

    e. Defendant must seek to obtain records from the Copyright Office in alternative ways.

22. However, none of these reasons for refusing to attend the deposition are valid. As to the location of the deposition, due to Covid 19 issues, Defendant set the deposition by zoom video conference. Defendant has offered to have the deposition take place in a physical location in Washington D.C. if that would suffice. However, attendance via zoom would be easier for all parties involved in light of the circumstances.

---

[1] The Copyright Office initially objected based on the failure to include an affidavit in accordance with *Touhey* regulation 37 C.F.R. §205.22. However, Defendant subsequently provided the required affidavit for the deposition to go forward and the Copyright Office acknowledged the same as part of its correspondence dated December 29, 2021.

23. In addition, Defendant is not seeking the Copyright Office to authenticate documents. Rather, it is seeking actual documents from this witness that would be in the possession of the witness and can be produced accordingly.

24. The information at issue is not available from the *Compendium* or other sources as the majority of the information and testimony sought is specific to Copyright Registration Number TXu 2-156-964. The *Compendium* would neither include this information nor would it include all information in regard to access to the materials.[2] In addition, testimony is required in order to present the same to the jury.

25. Finally, the records sought are not burdensome or overbroad as they relate only to Copyright Registration Number TXu 2-156-964 and are only for the limited time period of August 2019 through the present. A subpoena is certainly one way of obtaining such documents and the witness should be compelled to respond and appear at deposition.

26. As a result, Defendant would request that this Court enter an order compelling the witness, the Copyright Office, to attend its deposition on January 27, 2022, in accordance with the attached subpoena, testify as to the issues raised therein, and produce the documents requested.

**WHEREFORE**, based on the reasons set forth above, Defendant respectfully requests the Court enter an order: (1) granting this instant Motion; (2) compelling the Copyright Office to comply with the subpoena and to provide testimony at the deposition, as well as produce the requisite documentation, which was served upon it; and (3) granting such other and further relief as this Court deems just and proper.

---

[2] For example, upon speaking with the Copyright Office, there are specific procedures set up that would prevent taking photographs or copying of certain types and classes of materials. There are also procedures set up that limit access to individuals that are in litigation in regard to the submitted materials itself. Testimony is required as to how these limitations relate to Copyright Registration Number TXu 2-156-964.

Dated: January 11, 2022                                   Respectfully submitted,

/s/ Jeremy D. Friedman
**The Downs Law Group, P.A.**
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
Telephone: (305) 444-8226
Facsimile: (305) 444-6773
Jeremy D. Friedman, Esq.
Florida Bar No. 134643
jfriedman@downslawgroup.com
Paul A. Hankin, Esq., LL.M.
Florida Bar No. 125402
phankin@downslawgroup.com
*Attorneys for the Plaintiff*

## **CERTIFICATE OF CONFERENCE**

I certify that, pursuant to Local Rule 7(m), I conferred with opposing counsel via telephone regarding the subject matter of this Motion, as well as counsel for the third party witness. Counsel for Plaintiff made no objection with regard to the relief sought herein. However, counsel for the third party witness objected and stated that it will neither agree to attend the deposition for testimony nor produce the documentation requested at this time.

**SERVICE LIST**

ORR | COOK
**Kevin B. Cook, Trial Counsel**
Florida Bar No.: 507474
**Matthew R. Goller**
Florida Bar No.: 1002985
818 AlA North, Suite 302
Ponte Vedra Beach, Florida 32082
(904) 358-8300 (telephone)
(904) 358-8303 (facsimile)
kcook@orrcook.com
mgoller@orrcook.com
kgreiner@orrcook.com


DRIVER, MCAFEE, HAWTHORNE & DIEBENOW, PLLC
**Richard S. Vermut**
Fla. Bar No.: 86746
One Independent Drive, Suite 1200
Jacksonville, Florida 32202
Office: (904) 807-8207
Fax: (904) 301-1279
Email: rvermut@drivermcafee.com
dboswell@drivermcafee.com
ipdocket@drivermcafee.com


U.S. Department of Justice, Civil Division
**Gary Hausken**
950 Pennsylvania Ave. N.W.
Washington, DC 20530-0001
Office: 202-307-0342
Fax: 202-307-0345
gary.hausken@usdoj.gov